**DICKINSON WRIGHT PLLC**
Bennett Evan Cooper (CA 128544)
bcooper@dickinsonwright.com
Bradley A. Burns (AZ 030508) (pro hac vice to be submitted)
bburns@dickinsonwright.com
Amanda E. Newman (AZ 032462) (pro hac vice to be submitted)
anewman@dickinsonwright.com
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004
Tel: (602) 285-5000
Fax: (844) 670-6009
*Attorneys for Defendant Xcentric Ventures, LLC*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Selker, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Xcentric Ventures, LLC and Does 1 through 300, inclusive, <br><br> Defendants. | No. '22CV0393 BEN KSC <br><br> **DEFENDANT XCENTRIC VENTURES, LLC'S NOTICE OF REMOVAL** |

1. Pursuant to 28 U.S.C. §§ 1331 and 1446, Defendant Xcentric Ventures, LLC ("Xcentric") hereby removes the action titled *Mark Selker v. Xcentric Ventures, LLC & Does 1 through 300*, No. 37-2022-00005365-CU-BT-NC, currently pending in the Superior Court of California for the County of San Diego, to the United States District Court for the Southern District of California. For the reasons set forth below, removal of the state-court action is proper under 28 U.S.C. §§ 1331 and 1446.

### The State-Court Action

2. On February 10, 2022, plaintiff Mark Selker ("Plaintiff") filed his *Class Action Complaint for Damages* against Xcentric in No. 37-2022-00005365-CU-BT-NC. Plaintiff's complaint alleges claims for unfair competition under California Business and Professions Code § 17200 and breach of the implied

1
DEFENDANT XCENTRIC VENTURES, LLC'S NOTICE OF REMOVAL

1  covenant of good faith and fair dealing, arising out of Xcentric's operation of the
2  website www.ripoffreport.com (the "Website").

### Timeliness of Removal

3.  Plaintiffs served Xcentric on February 22, 2022. Attached as Exhibits 1 and 3 are true and correct copies of all documents served upon Xcentric.

4.  Xcentric is the only named defendant in this action, and it is filing this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A).

5.  Accordingly, Xcentric has filed this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b)(2)(B).

### Venue

6.  Venue is proper in the United States District Court for the Southern District of California for removal purposes under 28 U.S.C. §§ 124(a)(5) and 1441(a) because this district embraces the place in which the removed action was pending. Xcentric will also seek mandatory arbitration and will contend the parties agreed to Arizona as the exclusive forum and venue for all disputes.

### Basis for Removal

7.  Removal is based on this Court's federal-question jurisdiction under 28 U.S.C. § 1331. A federal question is presented by both of Plaintiffs' claims under the "artful pleading" doctrine. *See, e.g.*, *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("[A] plaintiff may not defeat removal by omitting to plead necessary federal questions. If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." (cleaned up)). "The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Id.* (collecting citations).

8.  Plaintiff's two claims for relief are purportedly state-law claims and are entirely premised on the idea that Xcentric was obligated to modify or remove internet posts made by third parties on the Website. These claims are preempted by

1  the Communications Decency Act, which provides that "[n]o cause of action may
2  be brought and no liability may be imposed under any State or local law that is
3  inconsistent with this section." 47 U.S.C. § 230(c)(1). The preemption is complete
4  and express: "No cause of action may be brought and no liability may be imposed
5  under any State or local law that is inconsistent with this section." 47 U.S.C.
6  § 230(e)(3).
7       9.   California law recognizes that the Communications Decency Act
8  completely preempts the claims brought by Plaintiff here. *See Murphy v. Twitter,*
9  *Inc.*, 274 Cal. Rptr. 3d 360, 370 (Ct. App. 2021) (holding that section 230
10 completely preempts contractual and other claims that a website's user agreement
11 requires a web host to exercise editorial or publisher control).
12      10.  Plaintiff has attempted to avoid the complete federal preemption of
13 the Communications Decency Act by "artfully pleading" two state-law claims
14 while ignoring the federal questions. Accordingly, under *Rivet*, 522 U.S. at 475,
15 this matter presents a federal question on which removal may be based.
16      11.  Xcentric cannot determine at this time whether this case may be
17 removed as well under 28 U.S.C. § 1441 and this Court's diversity jurisdiction. The
18 requirement for complete diversity of citizenship is met, because Plaintiff avers
19 that he is a citizen of California [Compl. ¶ 8], while Xcentric is a citizen of Nevada
20 and Arizona.[1] However, the amount in controversy is unclear from the face of the
21 Complaint. Accordingly, removal under 28 U.S.C. § 1441 is not appropriate at this

---

[1] "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Xcentric's sole member, Creative Business Investment Concepts, Inc., is a Nevada corporation with business management in Arizona. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

1  time. Xcentric reserves all rights to remove under 28 U.S.C. § 1441 if and when it
2  becomes apparent that the amount in controversy exceeds $75,000.

3      12.    Following removal, Xcentric intends to enforce a mandatory
4  arbitration agreement between the parties. This removal and acts related thereto are
5  not an intent to litigate in federal court instead of in an arbitration forum, and are
6  in no way a waiver of the right to seek arbitration or a change of forum or venue.

### Exhibits

    13.    As required by 28 U.S.C. § 1446(a), attached to this Notice of Removal are the following exhibits:

1. Plaintiff's Complaint
2. Civil Case Cover Sheet
3. Summons served on Defendant Xcentric Ventures, LLC
4. Notice of Case Assignment and Case Management Conference
5. State Court's Docket Sheet
6. Defendant's Notification of Filing Notice of Removal in Federal Court
7. Counsel of Record

### Filing in State Court

    14.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California for the County of San Diego on this date, and a copy of this Notice of Removal is being served on all parties to this lawsuit on this date.

    15.    By filing this Notice of Removal, Xcentric does not waive any defense or objections available to them under the law. Xcentric reserves the right to amend or supplement this notice of removal.

4
DEFENDANT XCENTRIC VENTURES, LLC'S NOTICE OF REMOVAL

1    DATED this 24th day of March, 2022.

2                                                          Respectfully submitted,

3                                                          **DICKINSON WRIGHT PLLC**

4                                                          */s/ Bennett Evan Cooper*
     Bennett Evan Cooper
5    Bradley A. Burns
     Amanda E. Newman
6    1850 N. Central Avenue, Suite 1400
     Phoenix, Arizona 85004
7
     Attorneys for Defendant
8    Xcentric Ventures, LLC

9

10   COPY of the foregoing served via the ECF system
     this 24th day of March, 2022, on the following:
11
     Jeffrey L. Hogue
12   Tyler J. Belong
     Jimmie D. Parker
13   Mark A. Simpliciano
     **HOGUE & BELONG**
14   170 Laurel Street
     San Diego, CA 92101
15   jhogue@hoguebelonglaw.com
     tbelong@hoguebelonglaw.com
16   jparke@hoguebelonglaw.com
     msimpliciano@hoguebelonglaw.com
17   *Attorneys for Plaintiff*

18   */s/ Janet M. Hawkins*

19

20

21

22

23

24

25

26

27

28